# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINTON DANIEL SAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0303** |
| **RONEI ROBUTSON** | **SECTION "S"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Clinton Daniel Sam, is incarcerated in the River Correctional Center in Ferriday, Louisiana.[2] Sam was charged by bill of information in Jefferson Parish on June 19, 2003, with possession of cocaine.[3] The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case in relevant part as follows:

> The State presented the testimony of the two officers who arrested defendant. Jefferson Parish Sheriff's Office (JPSO) Officers Mark Layrisson and Melvin Frances testified that they were patrolling in Marrero on June 4, 2003 when they arrested defendant. They were aware that JPSO had previously responded to complaints of narcotics trafficking in the particular area where they arrested defendant. Both officers identified the particular area as a high crime area.
> Officer Layrisson testified that he observed defendant engage in an apparent hand-to-hand transaction with another man on a public sidewalk. Officer Frances testified he saw the apparent hand-to-hand transaction, explaining that he knew that something was exchanged, but could not see what was exchanged. Both officers stated that defendant was accompanied by his two-year-old daughter. When the officers approached in their marked police car, the other man fled from the scene. The officers testified that defendant attempted to evade them by looking away and walking hastily to his vehicle. Believing that they had witnessed a narcotics transaction, the officers decided to interview defendant, approached on foot, and asked him to place his hands on the hood of the police car. When asked to comply with a frisk, defendant discarded an object, which landed on the hood of the car. The officers described the discarded object as two white rocks wrapped partially in foil. Based on their training and experience, each officer concluded that the object was consistent with crack

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 5/11/06.

cocaine.[4] The officers testified that at that point, defendant was formally arrested and charged with possession of cocaine.

(footnote in original) State v. Sam, 988 So.3d 765, 768 (La. App. 5th Cir. 2008); State Record Volume 3 of 3, Louisiana Fifth Circuit Opinion, 08-KA-220, pp. 2-3, June 19, 2008.

Sam's counsel filed a pre-trial motion to suppress the evidence, alleging that it had been seized without a valid warrant and probable cause for the arrest or the search.[5] The court denied the motion on the morning of trial.[6]

Sam was tried before a jury on September 21, 2004, and found guilty as charged.[7] On October 20, 2004, the state trial court sentenced Sam to five years in prison.[8] The State also filed a multiple bill charging Sam as a fourth offender.[9]

---

[4]"The rocks subsequently tested positive for the presence of cocaine."

[5]St. Rec. Vol. 2 of 3, Omnibus Motion and Order for Pre-Trial Motions, 9/8/03.

[6]St. Rec. Vol. 2 of 3, Trial Minutes, 9/21/04; St. Rec. Vol. 1 of 3, Trial Transcript, pp. 4-12, 9/21/04.

[7]St. Rec. Vol. 2 of 3, Trial Minutes, 9/21/04; St. Rec. Vol. 1 of 3, Jury Verdict, 9/21/04; Trial Transcript, 9/21/07.

[8]St. Rec. Vol. 2 of 3, Sentencing Minutes, 10/20/04.

[9]Id.; St. Rec. Vol. 2 of 3, Multiple Bill, 10/20/04.

At a hearing held December 8, 2004, the state trial court determined Sam to be a fourth felony offender.[10] The court re-sentenced Sam to 20 years in prison without benefit of parole, probation or suspension of sentence. The court later denied Sam's request for reconsideration of that sentence.[11]

More than two years later, on February 6, 2007, Sam submitted an application for post-conviction relief to the state trial court raising three grounds for relief:[12] (1) The conviction was obtained with evidence obtained through an unconstitutional search and seizure. (2) The conviction was obtained after an unlawful arrest. (3) The prosecution failed to disclose favorable evidence of a telephone call received by police, which would have established a lack of probable cause to proceed with the prosecution. Sam later wrote to the clerk of the state trial court and asked to add a claim of ineffective assistance of counsel for failure to pursue an appeal.[13]

On February 27, 2007, the state trial court issued an order denying Sam's application as untimely pursuant to La. Code Crim. P. art. 930.8. The court issued a

---

[10]St. Rec. Vol. 2 of 3, Multiple Bill Hearing Minutes, 12/8/04; St. Rec. Vol. 1 of 3, Multiple Bill Hearing Transcript, 12/8/04.

[11]St. Rec. Vol. 2 of 3, Motion for Reconsideration of Sentence, 12/22/04; Trial Court Order, 1/14/05.

[12]St. Rec. Vol. 2 of 3, Uniform Application for Post-Conviction Relief, 2/14/07 (dated 2/6/07).

[13]St. Rec. Vol. 2 of 3, Letter to Clerk of Court, 2/9/07 (dated 2/8/07).

4

separate order on March 22, 2007, denying any request for relief contained in Sam's February 9, 2007, letter to the clerk of court.

Sam later sought review of the trial court's orders in the Louisiana Fifth Circuit Court of Appeal.[14] The court granted the application in part and remanded the matter to the trial court to consider the application and letter as a request for an out-of-time appeal.[15] After obtaining a response from the State, the trial court eventually granted the request for an out-of-time appeal on September 10, 2007.[16]

On appeal to the Louisiana Fifth Circuit, Sam's appointed counsel argued that the state trial court erred in failing to grant the motion to suppress the evidence illegally retrieved in an unconstitutional search and seizure after an unlawful arrest.[17] The appellate court affirmed the conviction on June 19, 2008, finding no merit in Sam's claim.[18]

---

[14] The record does not contain a copy of this writ application. The filing date of June 19, 2007, appears on the face of the court's order and has been confirmed with the clerk of that court.

[15] St. Rec. Vol. 2 of 3, 5th Cir. Order, 07-KH-434, 7/23/07.

[16] St. Rec. Vol. 2 of 3, Trial Court Order (2), 9/10/07.

[17] St. Rec. Vol. 1 of 3, Appeal Brief, 2008-KA-0220, 3/24/08; State v. Sam, 988 So.3d at 768; St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 08-KA-220, p. 3, 6/19/08.

[18] State v. Sam, 988 So.3d at 765; St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 08-KA-220, 6/19/08; St. Rec. Vol. 1 of 3, Certificate of Mailing, 08-KA-220, 6/19/08. The appellate court also ordered the state trial court to notify Sam of his post-conviction deadlines. The trial complied with this order on June 20, 2008. St. Rec. Vol. 2 of 3, Notice of Prescriptive Period for Post Conviction Relief, 6/20/08.

Sam's conviction became final 30 days later, on July 19, 2008, or the following business day, Monday, July 21, 2008, because he did not seek rehearing or file for timely review in the Louisiana Supreme Court.[19] Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); Wilson v. Cain, 564 F.3d 702 (5th Cir. 2009) (timely filed motion for rehearing must be considered in determining the finality of a conviction); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period when it would otherwise be the last day of the period).

On July 23, 2008, Sam submitted a writ application in the Louisiana Supreme Court seeking review of the claims raised in his appellate brief.[20] He later supplemented his application to allege excessive sentence, to assert that the state trial court failed to state reasons for his sentencing under La. Code Crim. P. 894.1, and to challenge the

---

[19] Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[20] St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 08-KH-1984, 8/12/08 (postmarked 7/30/08, dated 7/23/08). Sam's application was dated, postmarked and filed after the 30-day period allowed for seeking review in the Louisiana Supreme Court under La. S. Ct. R. X§5. It was therefore untimely.

6

validity of the evidence used at the multiple bill hearing.[21] The court denied the application on May 15, 2009, without stated reasons.[22]

On June 8, 2009, Sam submitted an application for post-conviction relief to the state trial court raising seven grounds for relief:[23] (1) unconstitutional search and seizure; (2) ineffective assistance of counsel for failure to investigate a phone call by Jackie Ford; (3) ineffective assistance of counsel for failure to file a motion to quash the multiple bill hearing, refusing to allow him to testify, failing to object to anything during trial, failing to object to the prosecutor's instructions to the jury, failing to obtain transcripts of prior convictions, and failing to challenge the multiple bill; (4) prosecutorial misconduct when the prosecutor misled the jury regarding the responsive verdicts, and his counsel was ineffective for failing to object to the misconduct; (5) excessive and abusive sentence, and his counsel was ineffective for failing to object to it; (6) void and moot multiple offender evidence; and (7) police infringement upon his right to be left alone.

The state trial court denied the application on July 1, 2009.[24] The court held that Claims Nos. one and seven were barred from review under La. Code Crim. P. art.

---

[21]St. Rec. Vol. 3 of 3, Supplemental Brief, 8/21/08; Supplemental Brief, 2/19/09.

[22]State ex rel. Sam v. State, 8 So.3d 577 (La. 2009); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-1984, 5/15/09.

[23]St. Rec. Vol. 2 of 3, "Post-Conviction Relief," 6/18/09 (dated 6/8/09).

[24]St. Rec. Vol. 2 of 3, Trial Court Order, 7/1/09.

7

930.4(A) because they had been raised and considered on direct appeal. Claim No. four was dismissed as procedurally barred under La. Code Crim. P. art. 930.4(C) because it could have been raised on appeal and was not. The court denied Claims Nos. five and six under La. Code Crim. P. art. 930.3 because sentencing errors are not proper for post-conviction review. Finally, the court dismissed the second and third claims, finding that Sam had failed to establish that his counsel provided ineffective assistance.

Sam sought review of that ruling in the Louisiana Fifth Circuit.[25] On December 18, 2009, the court denied relief on the following procedural grounds.[26] First, the court resolved that Sam had failed to include the necessary documentation for the court to consider the writ application. Second, under La. App. Rule 4-3, the writ application was not timely filed or postmarked to the court and therefore would not be considered. Finally, the court held that Sam failed to assert an assignment of error sufficient to meet his burden of proof under La. Code Crim. P. art. 930.2. Sam did not seek further state court review of this ruling.

---

[25] The record does not contain a copy of this writ application, No. 09-KH-971.

[26] St. Rec. Vol. 2 of 3, 5th Cir. Order, 09-KH-971, 12/18/09.

## II. FEDERAL HABEAS PETITION

On February 4, 2010, the clerk of this court filed Sam's petition for federal habeas corpus relief, in which he raises four grounds for relief:[27] (1) His conviction was the result of an unlawful arrest without probable cause. (2) The prosecution failed to disclose favorable evidence tending to show lack of probable cause for the warrantless search, seizure and arrest. (3) Evidence was obtained through an unconstitutional search and seizure and unlawful arrest. (4) The prosecutor engaged in misconduct by misleading the jury regarding the responsive verdicts, and trial counsel gave ineffective assistance in failing to object to the prosecutor's remarks.

The State filed a response in opposition to Sam's petition, alleging that Sam's petition was untimely filed, that he has failed to exhaust state court remedies, and that his two exhausted claims are not proper for federal habeas review.[28]

## III. GENERAL STANDARDS OF REVIEW

AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[29] and applies to habeas

---

[27]Rec. Doc. No. 1, p. 5.

[28]Rec. Doc. No. 9.

[29]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

9

petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Sam's petition, which, for reasons discussed below, is deemed filed in this federal court on January 8, 2010.[30]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Sam's petition is not timely filed under the AEDPA, that he failed to exhaust state court remedies as to all of his claims for relief, and that his two exhausted claims do not entitle him to federal habeas corpus review. I find that, although

---

[30]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Sam's petition was filed by the clerk of court on February 4, 2010, when pauper status was granted. Sam dated his signature on the petition on January 8, 2010, which I consider the earliest date he could have submitted it to prison officials for mailing.

the petition arguably may be untimely,[31] it should be dismissed without prejudice for failure to exhaust state court remedies.

IV.     EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan

---

[31]The state court record is fraught with uncertainty concerning the timeliness issue. For example, it is unclear whether Sam's 2008 writ application to the Louisiana Supreme Court may or may not have been timely submitted to that court. The record does not contain a copy of the 2009 Louisiana Fifth Circuit writ application on which the State also relies in its timeliness calculation. Because this federal petition can be addressed on other grounds and because of the doubtfulness of the State's timeliness defense, I do not address the timeliness of this petition in this report.

v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Sam must have fairly presented the same claims and legal theories he urges in this federal court to the Louisiana Supreme Court in a procedurally proper manner and have given that court, and the courts below, an opportunity to address those claims. The record reflects that Sam has failed to allow the Louisiana Supreme Court to complete a full and proper review of his second claim regarding the alleged failure to disclose favorable evidence, and his fourth claim regarding alleged prosecutorial misconduct and his counsel's failure to object to it.

A review of the record shows that Sam has submitted only one writ application to the Louisiana Supreme Court, No. 08-KH-1984. In this writ application, Sam sought review of the claim raised during his out-of-time appeal, that the trial court erred in denying the motion to suppress the evidence seized during his arrest without a warrant and probable cause.[32] He supplemented the writ application, challenging his sentence as excessive, alleging that the state trial court failed to state reasons for his sentencing under La. Code Crim. P. 894.1, and challenging the sufficiency of the evidence in support of the multiple bill.

I have compared the claims and arguments raised in this federal petition to the claims raised in the Louisiana Supreme Court. I find that Sam has exhausted available state court remedies on Claims Nos. one and three in his federal petition, challenging the legality and constitutionality of his arrest and the search and seizure. However, Sam has <u>not</u> raised in the Louisiana Supreme Court his second and fourth claims challenging the prosecutor's failure to disclose favorable evidence, prosecutorial misconduct when explaining the responsive verdicts to the jury and ineffective assistance of counsel for failure to object to the prosecutorial misconduct. These claims are <u>not</u> exhausted.

---

[32]Sam's original writ application reflects that he asked the court to review the claims raised in the attached appeal brief. He did not designate assignments of error; instead, he specifically requested the court to consider the claims raised in the attached brief. I will consider this sufficient to have raised the claim properly before that court. <u>Baldwin</u>, 541 U.S. at 32.

The presentation of the unexhausted claims renders this a mixed petition and requires dismissal for that reason. See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420). The record discloses no good cause for Sam's failure to exhaust these claims, and this court can find none. Rhines v. Weber, 544 U.S. 269, 278 (2005). Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to require Sam to exhaust available state court remedies as to all claims raised, unless he amends or resubmits the habeas petition to present only exhausted claims. Pliler v. Ford, 542 U.S. 225, 233 (2004) (quoting Rose, 455 U.S. at 510); Whitehead, 157 F.3d at 387.

In this case, if Sam chooses to proceed only with the two exhausted claims, his petition should be dismissed with prejudice since his claims are not proper for federal habeas corpus review for the following reasons.

Sam's two exhausted claims challenge the legality and constitutionality of the search, seizure and arrest, which led to his conviction. However, as argued by the State, the availability of federal habeas corpus relief with regard to an alleged Fourth Amendment violation is greatly limited by the United States Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976).

In Stone, the United States Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner

may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. A "full and fair hearing means that 'where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court.'" Davis v. Blackburn, 803 F.2d 807, 808 (5th Cir. 1986) (per curium) (quoting O'Berry v. Wainwright, 546 F.2d 1204, 1213 (5th Cir. 1977) (emphasis in original)). Absent any plea or proof by petitioner that he was denied a full and fair hearing in state court, his request for federal habeas relief based upon a Fourth Amendment violation is precluded. Stone, 428 U.S. at 494-95 n.37; Bell v. Lynaugh, 828 F.2d 1085, 1091-92 (5th Cir. 1987).

Thus, "in the absence of allegations that the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits," petitioner's claim cannot succeed. Williams v. Brown, 609 F.2d 216, 220 (5th Cir. 1980); Christian v. McKaskle, 731 F.2d 1196, 1199 (5th Cir. 1984). The bar of Stone v. Powell applies despite any state trial court error in deciding the merits of petitioner's Fourth Amendment claim. Andrews v. Collins, 21 F.3d 612, 631-32 (5th Cir. 1994); Christian, 731 F.2d at 1199 n.1; Swicegood v. Alabama, 577 F.2d 1322, 1324-25 (5th Cir. 1978).

The record indicates that before trial, on September 1, 2004, the state trial court held an evidentiary hearing on Sam's motion to suppress the evidence.[33] After hearing the testimony of the officers, the court denied the motion to suppress. Sam raised the issue of the validity of the search, seizure and arrest in his out-of-time appeal to the Louisiana Fifth Circuit as the basis for challenging the state trial court's denial of the motion to suppress.[34] The appellate court held that the record supported a finding that the officers had a reasonable suspicion to justify the stop, which led to Sam's attempt to evade them. The court also resolved that the officers properly retrieved the cocaine after Sam discarded it. Based on its review, the court found no error in the trial court's denial of the motion to suppress. As discussed above, Sam's subsequent writ application to the Louisiana Supreme Court was denied without stated reasons.[35]

After reviewing the record, I find that "the material facts were adequately developed in state court, and [petitioner] has not alleged any undeveloped evidence sufficient to call into question the reliability of the state court's determination of [his] federal claims." Andrews, 21 F.3d at 631. The State provided Sam, who was assisted by counsel, with the opportunity to litigate his Fourth Amendment claims fully and fairly.

---

[33]St. Rec. Vol. 2 of 3, Trial Minutes, 9/21/04; St. Rec. Vol. 1 of 3, Trial Transcript, 9/21/04.

[34]State v. Sam, 988 So.3d at 765; St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 08-KA-220, 6/19/08.

[35]State ex rel. Sam v. State, 8 So.3d at 577; St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-1984, 5/15/09.

16

The fact that he may disagree with the state courts' decision to deny relief is not sufficient to overcome the Stone v. Powell bar to federal review. Janecka v. Cockrell, 301 F.3d 316, 320-21 (5th Cir. 2002).

Accordingly, Stone v. Powell would bar review of Sam's exhausted claims. Williams v. Collins, 16 F.3d 626, 637-38 (5th Cir. 1994). Thus, if Sam chooses to proceed before this court only with respect to his two exhausted claims, the claims should still be dismissed. Until such time as he may choose to do so, I recommend that Sam's mixed petition be dismissed without prejudice for failure to exhaust state court remedies.

## **RECOMMENDATION**

It is **RECOMMENDED** that Clinton Daniel Sam's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[36]

                      New Orleans, Louisiana, this __14th__ day of July, 2010.

                                            JOSEPH C. WILKINSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE

---

[36]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.